Wilde, J.
This is an action of debt for rent of certain mills, and the general question is, whether upon the facts proved, or offered to be proved, by the defendants, the rent claimed is by law due according to the terms of the lease from the plaintiff to the defendants. The defendants rely on a proviso in the lease, whereby it is stipulated, that if the premises or any part thereof should, during the term, be destroyed or damaged by fire, or other unavoidable casualty, so that the same should be thereby rendered unfit for use and habitation, then and in such case the rent reserved or a just proportionate part thereof, according to the nature and extent of the injury sustained, should be suspended or abated, until the said *230 premises should have been put in a proper condition by the lessor for use and habitation.
In support of this defence, the defendants offered to prove that the two wheels named in the lease had been in use in the mills for several years prior to the date of the lease, and had been during that time out of order, and often repaired ; and that afterwards, during the term, these wheels broke down, and were so rotten, old, and out of repair, and worn out, as to be almost worthless, and were not worth enough to be repaired. But there was no evidence offered by the defendants, as the report of the case expressly states, tending to show that the condition of the wheels was owing to any special cause, or sudden event, or any accident, other than is set forth in the report; and the only accident therein set forth is, if it may be so called, the breaking down of the wheels, which was caused by their rottenness and want of repair, and certainly not by any unavoidable casualty, of which there was no evidence; and the instruction to this effect is fully supported by the report of the whole evidence, as well that which was offered to be introduced by the defendants’ counsel and rejected, as that which was admitted.
It is contended, that the evidence of the plaintiff’s declarations, tending to prove how he understood and construed the lease, ought to have been admitted, and the evidenée also to prove the fact, that on the payment of a previous quarter’s rent, the plaintiff deducted fifty dollars on account of the wheels. But we are of opinion, that this evidence was rightly rejected, as it could have no legal bearing on the construction of the lease, and might perhaps mislead the jury. The terms of the lease are perfectly clear, and conclusively show, that the defendants were to pay the rent, unless the premises, or some part thereof, should during the term be destroyed or damaged by fire or other unavoidable casualty, so that the same should be thereby rendered unfit for use; for such is the defendants' express covenant. If the plaintiff thought otherwise, his construction of the lease is clearly erroneous, and he is not thereby bound; for it is impossible to hold, that if the wheels broke down by age, decay, and want of repair, which the defendants *231 were bound by the terms of the lease to make, it was caused by an unavoidable casualty. So the fact, that the plaintiff has allowed a deduction from the rent of a previous quarter, is, we think, immaterial. That must be considered as a gratuity, and certainly cannot bind him to make any further allowance.
So the question proposed to be asked of millwrights, whether putting in a new wheel is considered a repair, could have no bearing on the case, however it might be answered. If the damage to the wheels was not caused by any unavoidable casualty, it is very clear that the defendants are bound to pay the rent, although the damage was not owing to any neglect or fault of theirs.
It is a well-settled principle of law, that a lessee for years, who covenants to pay rent during the term, will be bound to pay it, although the buildings maybe destroyed by fire. Fowler v. Bolt, 6 Mass. 63. So when a lessee covenants to keep the demised premises in repair, and at the determination of the lease, to surrender them in as good condition as they were in at the commencement of the term, then if the buildings should be destroyed, although without the default of the tenant, he will be bound to rebuild them, or to make the loss good to the lessor, as well as to pay the stipulated rent. And such were the defendants’ covenants in the lease in the present case. Exceptions overruled.